## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

MEADWESTVACO CORPORATION )
a Delaware corporation )
)
and )
)
MEADWESTVACO CALMAR, INC. )
a Delaware corporation )
)
)
Plaintiffs, )
)
v. )
)
REXAM PLC )
a United Kingdom company; )
)
REXAM BEAUTY AND CLOSURES )
INC. )
a Delaware Corporation; )
)
VALOIS S.A.S. )
a French company; and )
)
VALOIS OF AMERICA, INC. )
a Connecticut company. )
)
Defendants. )

C.A. NO. _1:10CV511-GBL-TRJ_

**COMPLAINT**

(JURY TRIAL DEMANDED)

FILED

1.     Plaintiffs MeadWestvaco Corporation ( "MWV") and MeadWestvaco Calmar,

Inc. ("MWV Calmar") (collectively "Plaintiffs"), by and through their attorneys, hereby

demand a jury trial and complain of Rexam PLC ("Rexam"), Rexam Beauty and Closures

Inc. ("Rexam Beauty"), Valois, S.A.S. ("Valois"), and Valois of America, Inc. ("Valois

of America") ( collectively "Defendants") as set forth below.

## NATURE OF THE ACTION

2.     This is an action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. §§ 271, *et seq.* to enjoin and obtain damages resulting from

Defendants' infringement of United States Patent No. 7,718,132 ("the '132 Patent")

entitled "Fragrance Product, Dispenser, and Dispenser Assembly."

3.     This action for patent infringement involves Defendants' manufacture, use, sale,

offer for sale in, and/or importation into the United States of infringing fragrance

products with invisible dip-tubes, dispenser assemblies with invisible dip-tubes, and

components thereof, and Defendants' inducement of others to infringe the '132 Patent.

## THE PARTIES

4.     Plaintiff MWV is incorporated under the laws of the state of Delaware and has its

principal place of business located at 501 South 5th Street, Richmond, Virginia 23219.

5.     Plaintiff MWV Calmar is a wholly owned subsidiary of Plaintiff MWV and is

incorporated under the laws of the state of Delaware and has its principal place of

business located at 11901 Grandview Road, Grandview, Missouri 64030.

6.     Upon information and belief, Rexam is a United Kingdom company having a

place of business at 4 Millbank, London SW1P 3XR.

7.     Upon information and belief, Rexam Beauty is a Delaware corporation having a

place of business at 4201 Congress Street, Suite 340, Charlotte, North Carolina, 28209.

8.     Upon information and belief, Valois is a French company having a place of

business at BPG - Route du Prieuré, 27110 Le Neubourg - France.

9.     Upon information and belief, Valois of America is a Connecticut corporation

having a place of business at 250 North Route 303, Congers, New York 10920-1408.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.     Rexam is subject to personal jurisdiction in the State of Virginia because Rexam has committed acts causing direct infringement, contributory infringement, and/or inducement of infringement, of one or more of the claims of the '132 Patent in this judicial district and division.

12.     Rexam Beauty is subject to personal jurisdiction in the State of Virginia because Rexam Beauty has committed acts causing direct infringement, contributory infringement, and/or inducement of infringement, of one or more of the claims of the '132 Patent in this judicial district and division.

13.     Valois is subject to personal jurisdiction in the State of Virginia because Valois has committed acts causing direct infringement, contributory infringement, and/or inducement of infringement, of one or more of the claims of the '132 Patent in this judicial district and division.

14.     Valois of America is subject to personal jurisdiction in the State of Virginia because Valois of America has committed acts causing direct infringement, contributory infringement, and/or inducement of infringement, of one or more of the claims of the '132 Patent in this judicial district and division.

15.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because the Defendants are subject to personal jurisdiction in this district, and because Defendants have caused acts of infringement, contributory infringement, and/or inducement of infringement, to be committed in this district.

## FACTUAL BACKGROUND

16.     The '132 Patent is directed to fragrance products having "invisible" dip tubes, and includes claims directed to assembled fragrance products and pump assemblies for use in assembled fragrance products.

17.     The '132 Patent was duly and legally issued on May 18, 2010.  A copy of the issued '132 Patent is attached as Exhibit A.

18.     Plaintiff MWV is the lawful assignee of the '132 Patent.

19.     Plaintiff MWV Calmar holds an exclusive license to practice the '132 Patent in the field of liquid dispenser systems for consumer fragrance packaging and is entitled to bring suit for damages according to the terms of that license.

20.     By the acts described below, Rexam and Rexam Beauty have directly and indirectly infringed the '132 Patent to Plaintiff's irreparable injury.

21.     By the acts described below, Valois and Valois of America have directly and indirectly infringed the '132 Patent to Plaintiff's irreparable injury.

### COUNT I
### Infringement of United States Patent No. 7,718,132
### by Rexam and Rexam Beauty

22.     Paragraphs 1 through 21 are incorporated by reference as if fully restated herein.

23.     Rexam and Rexam Beauty infringe the '132 Patent, directly and/or indirectly, in this District and elsewhere.

24.     Upon information and belief, Rexam Beauty is Rexam's corporate affiliate and operates under Rexam's oversight and control, and Rexam and Rexam Beauty together and separately are in the business of making and/or selling consumer packaging, including closures for perfume bottles.

-4-

25.     Upon information and belief, Rexam and Rexam Beauty market and make numerous pump products, including but not limited to the SP5, SP7 and SP8 "Crystal" pump systems, that satisfy each and every limitation of one or more claims of the '132 Patent ("the Rexam Infringing Pumps").

26.     Upon information and belief, Rexam and Rexam Beauty, use, sell, offer to sell and import the Rexam Infringing Pumps in the United States via online advertising and direct contact with customers in the United States.

27.     Upon information and belief, Rexam and Rexam Beauty sell and offer to sell the Rexam Infringing Pumps to numerous customers ("the Rexam Customers") that incorporate the Rexam Infringing Pumps into fragrance products ("the Rexam Infringing Fragrance Products") that are offered for sale at multiple retail locations in Richmond, Norfolk, Hampton, Newport News, Chesapeake, Virginia Beach, Arlington, Alexandria and McLean, Virginia.  Non-limiting examples of Rexam Infringing Fragrance Products include "A Scent by Issey Miyake" and "Sensuous by Estée Lauder."  The Rexam Customers' manufacture, use, sale, and offers to sell the Rexam Infringing Fragrance Products infringe one or more claims of the '132 Patent.

28.     Upon information and belief, the Rexam Infringing Pumps are especially made and adapted for use in the Rexam Infringing Fragrance Products, and are not staple articles of commodities of commerce suitable for substantial noninfringing use, and Rexam and Rexam Beauty are knowledgeable of this fact.

29.     On October 9, 2007, legal counsel for Rexam Beauty mailed a letter to Plaintiff's patent prosecution counsel indicating his awareness of the application that issued as the

'132 Patent. Accordingly, upon information and belief, Rexam and Rexam Beauty are knowledgeable of the '132 Patent.

30.     Upon information and belief, since October 9, 2007 Rexam and Rexam Beauty have advised the Rexam Customers that Rexam and Rexam Beauty would indemnify them if it was determined that they were infringing the '132 patent. Based upon this information and belief, Rexam and Rexam Beauty acted with the specific intent to induce Rexam Customers' direct infringement of one or more claims of the '132 Patent.

31.     Accordingly, Rexam and Rexam Beauty directly infringe, induce infringement and contribute to the infringement of the '132 Patent in this District and elsewhere, and such infringement is willful.

### COUNT II
### Infringement of United States Patent No. 7,718,132
### by Valois and Valois of America

32.     Paragraphs 1 through 30 are incorporated by reference as if fully restated herein.

33.     Valois and Valois of America infringe the '132 Patent, directly and/or indirectly, in this District and elsewhere.

34.     Upon information and belief, Valois of America is Valois' corporate affiliate and operates under Valois' oversight and control, and Valois and Valois of America together and separately are in the business of making and/or selling consumer packaging, including closures for perfume bottles.

35.     Upon information and belief, Valois and Valois of America market and make numerous pump products, including but not limited to the "Elixir" pump systems, that satisfy each and every limitation of one or more claims of the '132 Patent ("the Valois Infringing Pumps").

-6-

36.     Upon information and belief, Valois and Valois of America, use, sell, offer to sell and import the Valois Infringing Pumps in the United States via online advertising and direct contact with customers in the United States.

37.     Upon information and belief, Valois and Valois of America sell and offer to sell the Valois Infringing Pumps to numerous customers ("the Valois Customers") that incorporate the Valois Infringing Pumps into fragrance products ("the Valois Infringing Fragrance Products") that are offered for sale at multiple retail locations in Richmond and McLean, Virginia.  Non-limiting examples of Valois Infringing Fragrance Products include "Eau Mega by Viktor & Rolf" and "Idylle by Guerlain."  The Valois Customers' manufacture, use, sale, and offers to sell the Valois Infringing Fragrance Products infringe one or more claims of the '132 Patent.

38.     Upon information and belief, the Valois Infringing Pumps are especially made and adapted for use in the Valois Infringing Fragrance Products, and are not staple articles of commodities of commerce suitable for substantial noninfringing use, and Valois and Valois of America are knowledgeable of this fact.

39.     On June 8, 2007, legal counsel for Valois mailed a letter to Plaintiff's patent prosecution counsel indicating his awareness of the application that issued as the '132 Patent.  Accordingly, upon information and belief, Valois and Valois of America are knowledgeable of the '132 Patent.

40.     Upon information and belief, since June 8, 2007 Valois and Valois of America have advised the Valois Customers that Valois and Valois of America would indemnify them if it was determined that they were infringing the '132 patent.  Based upon this

information and belief, Valois and Valois of America acted with the specific intent to induce Valois Customers' direct infringement of one or more claims of the '132 Patent.

41.     Accordingly, Valois and Valois of America directly infringe, induce infringement and contribute to the infringement of the '132 Patent in this District and elsewhere, and such infringement is willful.

## PRAYER FOR RELIEF

42.     Plaintiffs have been irreparably harmed by Defendants' infringement of their valuable patent rights, and Defendants' unauthorized, infringing use of products covered by the '132 Patent has threatened the value of this intellectual property because Defendants' conduct results in Plaintiffs' loss of their lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

43.     Defendants' disregard for Plaintiffs' property rights similarly threatens Plaintiffs' relationships with potential customers of products embodying this intellectual property. Defendants will derive a competitive advantage over Plaintiffs from using Plaintiffs' patented technology without paying compensation for such use.  Accordingly, unless and until Defendants' continued acts of infringement are enjoined, Plaintiffs will suffer further irreparable harm for which there is no adequate remedy at law.

44.     Plaintiffs are entitled to damages and remedies available to address Defendants' infringement, including but not limited to, all damages available under 35 U.S.C. § 281 *et seq.*, including injunctive relief pursuant to 35 U.S.C. § 283 and damages pursuant to 35 U.S.C. §§ 284 and 285.

45.    WHEREFORE, Plaintiff prays for judgment against Defendants, granting Plaintiffs the following relief:

a.    That this Court adjudge and decree that Defendants have infringed, directly and/or indirectly, the '132 Patent;

b.    That this Court permanently enjoin Defendants, and their parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons within its control, from making, using, selling, offering to sell, importing, or advertising products or components that infringe directly or indirectly any of the claims of the '132 Patent, or otherwise engaging in acts of infringement of the '132 Patent, all as alleged herein;

c.    That this Court order an accounting to determine the damages to be awarded to Plaintiffs as a result of Defendants' infringement;

d.    That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiffs of such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiffs for said infringement, including Plaintiffs' lost profits, said damages to be no less than a reasonable royalty together with interest and costs;

e.    That this Court assess pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

f.    That this Court declare this case to be exceptional and direct Defendants to pay Plaintiffs' attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285;

g.      That this Court award enhanced damages and attorney's fees due to Defendants' willful infringement; and

h.      Grant to Plaintiffs such other, further, and different relief as may be just and proper.

## JURY DEMAND

46.     Plaintiffs demand a trial by jury of all matters to which it is entitled to trial by jury pursuant to FED. R. CIV. P. 38.

-10-

Dated: May 18, 2010

Respectfully Submitted,

MEADWESTVACO CORPORATION
MEADWESTVACO CALMAR, INC.

By: _____

Attorneys for Plaintiffs:

Thomas G. Slater Jr. (VSB No. 05915)
Shelley L. Spalding (VSB No. 47112)
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
(804) 788-8200
(804) 788-8218 Fax

Michael P.F. Phelps (VSB No. 45750)
Hunton & Williams LLP
1751 Pinnacle Drive
Suite 1700
McLean, VA  22102
(703)714-7472
(703)714-7410 Fax

Of Counsel:

Michael A. O'Shea
Hunton & Williams LLP
1900 K Street, NW
Washington, D.C. 20006-1109
(202) 419-2183
(202) 778-7434 Fax

25332.001091 EMF_US 30405083v8