IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| MEADWESTVACO CORPORATION, | ) | |
| *et al.*, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:10cv511 |
| v. | ) | (GBL/TRJ) |
| | ) | |
| REXAM PLC, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiffs MeadWestvaco Corp. and MeadWestvaco Calmar, Inc.'s (together, "MWV") Motion Regarding Objections to Magistrate Judge's Ruling on Plaintiff's Motion to Compel. (Dkt. No. 251.)  This case concerns Defendant Rexam, PLC's ("Rexam") alleged patent infringement.  In its motion, Plaintiff objects to Judge Jones' Order denying MWV's motion to compel all of Rexam's x-ray diffraction ("XRD") "crystallinity test results, data, and protocols."  (Dkt. No. 242.)  The Court overrules Plaintiff's Objection and affirms Judge Jones' Order because there was no clear error and the ruling was not contrary to law.

## I. BACKGROUND

This case is about defendant Rexam PLC's ("Rexam") alleged infringement of MWV's patent entitled "Fragrance Product, Dispenser, and Dispenser Assembly." (Compl. at ¶ 2.)

On April 15, 2011, MWV moved to compel Rexam to produce "XRD crystallinity test results, data, and protocols" obtained by Rexam when it consulted non-testifying experts regarding the crystalline content of its products. (Dkt. No. 242.)

In its Opposition to Plaintiff's Motion to Compel, Rexam claimed that it was not required to produce this information because the materials are protected by the attorney work product privilege. (Dkt. No. 246 at 2-3.) Specifically, Rexam claimed that the information was obtained in anticipation of litigation because Rexam sought it in response to MWV's threat to take legal action for patent infringement. (Dkt. No. 246 at 4.) Second, Rexam directed that MWV could not demonstrate that either a "substantial need" or "exceptional circumstances" justified production because Rexam has produced samples of its allegedly infringing products, and MWV will have an opportunity to cross-examine Rexam's retained expert, Dr. Richard Ortega. (Dkt. No. 246 at 13.) Lastly, Rexam defended that it did not waive the work product privilege because it did not selectively disclose materials to MWV and has never claimed that it plans to rely on the information at issue. (Dkt. No. 246 at 13-14.)

On April 22, 2011, Judge Jones denied MWV's Motion to Compel, reasoning the following:

> [1] [T]he materials in issue are protected work product within the scope of Fed. R. Civ. P. 26(b)(3), . . . [2] [P]laintiff has not shown substantial need within the meaning of Fed. R. Civ. P. 26(b)(3)(ii) . . . . [3] [P]laintiff's waiver argument is without merit.

(Dkt. No. 251.)

Plaintiff now objects to Judge Jones' ruling, purporting that the Judge clearly erred for three reasons. First, MWV argues that the information sought cannot be shielded from discovery under the protections afforded by the work product doctrine because it is "purely factual," and Defendant "squarely placed the test information at issue" when it alleged that Plaintiff's patent terms were indefinite. (Mem. Supp. Pl.'s Rule 72(a) Obj.'s to Ruling on Pl.'s Mot. to Compel at 2-3.) [hereinafter "Pl.'s Obj. to Ruling on Motion to Compel"] Second, Plaintiff contends that it should be entitled to this information because it has a substantial need for these materials. (Id. at 7.) Lastly, Plaintiff contends that Rexam waived any work product privilege it may have had because it selectively disclosed relevant facts. (Id. at 9.)

Defendant moves the Court to affirm Judge Jones' denial of Plaintiff's Motion to Compel for six reasons. First, Rexam contends that the materials are protected work product because

3

they were prepared in anticipation of litigation after MWV threatened legal action against Rexam. (Dkt. No. 260 at 7-8.) Second, Defendant argues that Plaintiff does not have a substantial need for the materials because Defendant has provided samples of its products, and Plaintiff will have an opportunity to cross-examine Rexam's expert witness. (Dkt. No. 260 at 10-11.) Moreover, Rexam directs that MWV must and cannot meet the high standard of showing "exceptional circumstances" under Federal Rule of Civil Procedure 26(b)(4)(D) because, after MWV threatened legal action, Rexam's counsel employed non-testifying experts to prepare the materials at issue. (Dkt. No. 260 at 10.) Third, Defendant claims that it did not waive its work product privilege over the disputed materials because it never alleged that it would rely on these documents to support its claims or defenses. (Dkt. No. 260 at 12-13.) Fourth, Rexam questions MWV's reliance on *Sandvik Intellectual Property AB v. Kennemetal, Inc.*, No. 2:10-cv-00654, 2011 WL 466696 (W.D. Pa. Feb. 4, 2011) because the defendant in that case performed its own testing and did not do so under the direction of its attorney. (Dkt. No. 260 at 14-15.) Fifth, Defendant claims that MWV cannot argue that Rexam had raised an indefiniteness defense because this argument was not made in front of Judge Jones and a party objecting to a magistrate judge's ruling cannot raise arguments that were not first presented before that

4

judge. (Dkt. No. 260 at 15-16.) Finally, Defendant asserts that Plaintiff's Motion to Compel was untimely because by March 22, 2011, MWV was aware of (1) Rexam, (2) the University of Minnesota ("UMinn"), and (3) Bruker's denial of the discovery requests. Defendant argues that despite this knowledge, MWV waited until April 15, 2011—the final day of discovery and the last Friday before the pretrial conference—to file its motion. (Dkt. No. 260 at 16-17.)

Therefore, Defendant contends that Judge Jones' Order should be affirmed because he was not in clear error when he overruled Plaintiff's Motion to Compel. The Court now considers Movant's objection.

## II. DISCUSSION

### A. Standard of Review

"A district judge . . . must . . . modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A magistrate judge's decision is "clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Attard Indus., Inc. v. U.S. Fire Ins. Co.*, No. 1:10cv121, 2010 WL 3069799, at *1 (E.D. Va. Aug. 5, 2010) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Also, "an order is contrary to law 'when it fails

5

to apply or misapplies relevant statutes, case law, or rules of procedure." *United Mktg. Solutions, Inc. v. Fowler*, No. 1:09-cv-1392 (GBL/TCB) 2011 WL 837112, at *2 (E.D. Va. Mar. 2, 2011) (citing *Attard Indus., Inc.*, 2010 WL 3069799, at *1).

### III. ANALYSIS

The Court overrules Plaintiff's objection because Judge Jones did not clearly err in denying Plaintiff's Motion to Compel all of Rexam's XRD testing. There is no clear error for three reasons. First, the documents at issue are privileged under the work product doctrine because they were prepared in anticipation of litigation when Rexam sought expert testing after Plaintiff threatened legal action. Second, the materials are not subject to an exception to the work product doctrine because Plaintiff lacks a substantial need for them as Rexam has already disclosed samples of its products and MWV will have an opportunity to cross-examine Rexam's expert witness. Third, Rexam has not waived its work product privilege because it has not indicated that it plans on eliciting testimony from UMinn or Bruker and has not already disclosed information related to the testing performed by these experts. Each issue will be addressed in turn.

### A. The Materials at Issue Are Protected Work Product

Judge Jones did not clearly err when he determined that the materials sought by MWV were not discoverable because the information was protected by the work product doctrine.

According to Federal Rule of Civil Procedure 26(b)(3)(A) "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation . . . ." Fed. R. Civ. P. 26(b)(3)(A).  Materials will qualify for work product protection if they

> have been created because of the prospect of litigation when (1) the party faces an actual claim or a potential claim following an actual event or series of events that could reasonably result in litigation, . . . and (2) the work product would not have been prepared in substantially similar form but for the prospect of that litigation.

*RLI Ins. Co. v. Conseco, Inc.*, 477 F. Supp. 2d 741, 748 (E.D. Va. 2007) (alterations and emphasis omitted) (citing *United States v. Adlman*, 134 F.3d 1194, 1195 (2d Cir. 1998); *Nat'l Union Fire Ins. Co. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 984 (4th Cir. 1992)).  "[T]he contingency of litigation," by itself, does not create work product protection. *Id.* at 747 (citing *Nat'l Union*, 967 F.2d at 984).  Also, if a party would have created the materials "irrespective of the litigation," the work product doctrine does not apply.  *Id.* (emphasis omitted) (citing *Adlman*, 134 F.3d at 1202).

7

The Court overrules Plaintiff's first objection because the materials at issue are protected work product as Defendant prepared these items in anticipation of litigation.  Here, Rexam anticipated litigation because MWV warned Rexam in 2007 when it sent "threat letters to Rexam's parent company and Rexam's customers. . . .  MWV's threat letters included specific threats regarding damages available to patent owners. . . ."  (Dkt. No. 246 at 9-10.)  As a result of these letters, Rexam's counsel proceeded to hire UMinn and Bruker to prepare crystallinity testing.  (Dkt. No. 246 at 10.)  Therefore, these experts generated data, test results, and protocols after Defendant was on notice that litigation may arise.

The materials Plaintiff seeks are work product because they were prepared under the direction of Defendant's counsel after Plaintiff sent Defendant a cease-and-desist letter.  The Court holds that Judge Jones did not clearly err and his decision was not contrary to law when he determined that the materials at issue were privileged under the work product doctrine.

## B. MWV Lacks a Substantial Need for the Materials that it Requested

Judge Jones did not clearly err when he determined that MWV lacked a substantial need for the materials at issue because MWV has not demonstrated (1) the importance of this information, or (2) that it lacks a substantial equivalent to these documents.

Federal Rule of Civil Procedure 26(b)(3)(A)(ii) creates an exception to the work product doctrine and allows for discovery of work product upon a showing that the party has a "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  Fed R. Civ. P. 26(b)(3)(A)(ii).  The burden of overcoming the work product privilege is on the party seeking discovery.  *United States v. Regan*, 281 F. Supp. 2d 795, 804 (E.D. Va. 2002).  Overcoming this burden is not lightly undertaken by a party seeking access to a non-testifying expert witness.  *See, e.g., Sanford v. Virginia*, No. 3:08cv835, 2009 WL 2947377, at *2 (E.D. Va. Sept. 14, 2009) ("[D]iscovery of fact work product is permitted, but a party seeking disclosure must demonstrate [1] that its need is truly substantial, and [2] that there is no reasonable substitute for the documents they seek."); *see also In re Grand Jury Proceedings*, 33 F.3d 342, 348 (4th Cir. 1994) (citing *In re John Doe*, 662 F.2d 1073, 1080 (4th Cir. 1981)) (demonstrating that fact work product "can be discovered only in *limited circumstances*" and only "upon a showing of *both* a substantial need and an inability to secure the substantial equivalent") (emphasis added).  The Court has noted that the following factors may be considered to determine whether there is a "substantial need" for work product:

(1) importance of the materials to the party seeking
them for case preparation; (2) the difficulty the
party will have obtaining them by other means; and (3)
the likelihood that the party, even if he obtains the
information by independent means, will not have the
substantial equivalent of the documents he seeks.

*Sanford*, 2009 WL 2947377, at *2.

The Court overrules Plaintiff's objection claiming that MWV
has a substantial need for the information.  First, the
materials at issue are not important in light of the information
that Rexam has already provided to MWV.  Plaintiff acknowledges
that "the sole issue to be decided . . . is whether Rexam's V2
tube has a crystalline content of less than about [thirteen
percent]."  (Pl.'s Obj. to Ruling on Mot. to Compel at 1.)
Rexam has produced the XRD testing that it plans to rely on at
trial.  UMinn and Bruker's information is not the only material
that could determine whether Rexam's tube infringes on MWV's
patent.  Rather, MWV's own tests, their own experts, the
opportunity to cross-examine Rexam's testifying expert, and the
possession of Rexam's products which allegedly infringe on the
patent, are the substantial equivalent, if not better,
indicators of whether Rexam is liable.  Accordingly, the
information is not important, and Plaintiff fails to meet the
first *Sanford* factor.

Second, Plaintiff is not burdened because it can utilize
other means to obtain the information that it seeks.  Again, MWV

10

has already performed its own testing and is going to have an opportunity to cross-examine Doctor Ortega, Rexam's expert witness, about the sole issue of this case: whether Rexam's tube has a crystalline content of less than thirteen percent. Moreover, MWV has its own expert who will testify at trial and, as it acknowledges, "the jury will hear evidence from the two experts and will need to determine which expert's test protocol is correct." (Pl.'s Obj. to Ruling on Mot. to Compel at 1.) Accordingly, Plaintiff will not be burdened if it does not have UMinn or Bruker's materials because MWV can use its own expert and, alternatively, question the testimony of Rexam's expert to determine which test protocol is correct and whether Rexam's tube has a crystalline content of less than thirteen percent.

Third, MWV does not have a substantial need for the materials at issue because it will have the substantial equivalent of the information that it seeks. MWV will have an opportunity to cross-examine Doctor Ortega regarding the adequacy of the crystallinity testing methods employed. This opportunity severely limits MWV's need for testing information that was provided by UMinn and Bruker, especially because these two witness groups will not be testifying in this case. Therefore, MWV has not shown that it lacks a substantial equivalent to the materials at issue because UMinn and Bruker

will not testify and Plaintiff will have an opportunity to cross-examine Defendant's expert witness.

Accordingly, the Court overrules Plaintiff's objection that MWV has a substantial need for the information at issue because (1) MWV has not demonstrated the importance of these documents; (2) Plaintiff will not be burdened if it does not have UMinn or Bruker's materials; and (3) Plaintiff has failed to show that it lacks a substantial equivalent to the information at issue. Therefore, Judge Jones' determination that Plaintiff did not have a substantial need for the materials was not clearly erroneous or contrary to law because Plaintiff cannot satisfy any of the *Sanford* factors.

C. Rexam Did Not Waive its Work Product Privilege

Judge Jones did not clearly err when he determined that Defendant did not waive the work product privilege and that Plaintiff's waiver argument was without merit because Rexam has not attempted to make testimonial use of the materials at issue.

The work product privilege is not absolute and may be waived. *United States v. Nobles*, 422 U.S. 225, 239 (1975). The waiver exception protects parties from adversaries who seek to use materials "as a sword and as a shield." *In re Martin Marietta Corp.*, 856 F.2d 619, 626 (4th Cir. 1988). Therefore, a "signal feature of implied waiver . . . is the attempt to make testimonial use of work-product materials." *Id.* at 624. An

12

"attempt to make testimonial use of the work product[,]" waives the privilege and lifts the materials into the realm of discoverability. *Chase v. City of Portsmouth*, 236 F.R.D. 263, 269 (E.D. Va. 2006) (citing *Nobles*, 422 U.S. at 239).

The Court holds that Defendant did not waive the work product privilege because (1) Rexam does not plan on eliciting testimony from UMinn or Bruker and (2) it has not selectively disclosed any information related to the testing performed by either set of experts. MWV's position that Rexam "selectively disclosed privileged information" is speculative and seems to anticipate that Rexam will utilize UMinn and Bruker's information as testimony when Defendant has stated the opposite. Rexam's decision not to present UMinn or Bruker testing data does not amount to the "sword and a shield" scenario to which the waiver exception to the work product doctrine applies because (1) Defendant does not plan on "making testimonial use" of UMinn and Bruker's information, and (2) it has not selectively disclosed information relating to these experts.

Accordingly, the Court overrules MWV's objection because Judge Jones correctly determined that Plaintiff's waiver argument is without merit.

## D. MWV has Failed to Show that there Are "Exceptional Circumstances" in this Case

The Court holds that Rexam is not required to disclose the materials at issue because non-testifying experts prepared these materials at the direction of Defendant's counsel after MWV sent Rexam letters threatening legal action.  Defendant is not required to discover the documents prepared by these non-testifying experts because MWV cannot demonstrate that exceptional circumstances require Defendant to produce this information.

Facts or opinions known "by an expert who was retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial" may not ordinarily be discovered. Fed R. Civ. P. 26(b)(4)(D).  This type of information may only be disclosed upon a showing of "exceptional circumstances under which it is impracticable for [a] party to obtain facts or opinions on the same subject by other means."  Fed R. Civ. P. 26(b)(4)(D)(ii).  While parties may overcome this standard, the burden is very high. *See* 8A Charles Alan Wright et al., *Federal Practice and Procedure* § 2032, at 105 (3d ed. 2010) (recognizing that a party "seeking discovery from nontestifying retained experts faces a heavy burden"); *see also Faller v. Faller*, No. DKC 09-0889, 2010 WL 3834865, at *16 (D. Md. Sept. 28, 2010)

(affirming the grant of a motion to compel when the judge found
that the Rule 26(b)(4)(D) "exceptional circumstances" standard
was met because it was not only "impracticable" but "impossible"
for plaintiffs to obtain the information they sought).  Finally,
"courts have 'recognized the availability of other means of
obtaining information sought under Rule 26(b)(4)(B) as a
conclusive factor militating against a finding of exceptional
circumstances.'"[1]   *Id.* at *16.   (citing 33 A.L.R. Fed. 403 §
18(a) (1977)).

Here, Defendant's counsel consulted UMinn and Bruker upon
receiving a cease-and-desist letter.  These two experts prepared
materials for the Defendant but Rexam decided it will not use
these parties' testimony at trial.  As discussed above,
Plaintiff is unable to demonstrate that it has a substantial
need for the materials at issue.  Plaintiff cannot meet the
standard of "exceptional circumstances" because it cannot even
meet the lower threshold of "substantial need."

Accordingly, Rexam is not required to disclose the
materials at issue because non-testifying experts prepared this
information at the direction of Defendant's counsel after MWV

---

[1] Federal Rule of Civil Procedure 26(b)(4)(D) is former rule
26(b)(4)(B).  *See, e.g.*, *Civix-DDI, LLC v. Metro. Reg'l Info.
Sys., Inc.*, No. 2:10cv433, 2011 WL 922611, at *1 (E.D. Va. Mar.
8, 2011) (noting that on April 28, 2010, the Supreme Court
adopted amendments to Federal Rules of Civil Procedure 8, 26,
and 56).  These amendments became effective on December 1, 2010.
*Id.*

sent Rexam cease-and-desist letters, and Plaintiff is unable to demonstrate that it has an exceptional need for the information.

### E. MWV's Arguments Are without Merit

The Court rejects all of Movant's arguments. First, Plaintiff contends that Defendant forfeited any work product protection it may have had because once Rexam argued that Plaintiff's patent was indefinite, it placed crystallinity testing at issue, thus giving Plaintiff a substantial need for the testing information. (Pl.'s Obj. to Ruling on Mot. to Compel at 6-7.) Second, Plaintiff alleges that Defendant waived any work product privilege it may have had because Rexam must have relied on UMinn and Bruker's test results when Defendant first alleged that it was not infringing on MWV's patents. (Pl.'s Obj. to Ruling on Mot. to Compel at 8-9.) Each argument will be discussed in turn.

#### 1. Plaintiff's reliance on *Sandvik Intellectual Property AB v. Kennametal* is misplaced

The Court holds that the materials at issue are (1) protected work product and (2) Plaintiff does not have a substantial need for these items. *See supra* at 7-12. Plaintiff alleges that when Defendant questioned the indefiniteness of some of MWV's patent terms, it "squarely placed the [UMinn and Bruker] test information at issue," thus forfeiting any work product protection Defendant may have had. (Pl.'s Obj. to

Case 1:10-cv-00511-GBL-TRJ Document 347 Filed 07/18/11 Page 17 of 20 PageID# 8654

Ruling on Mot. to Compel at 3.) Plaintiff relies on *Sandvik Intellectual Property AB*, 2011 WL 466696, to support this proposition. (Pl.'s Obj. to Ruling on Mot. to Compel at 3.) In *Sandvik*, the defendant sought to invalidate a patent, claiming that the term "texture coefficient" was "insolubly ambiguous, [thus] render[ing] the patent indefinite." *Sandvik Intellectual Property AB*, 2011 WL 466696, at *1. Sandvik filed a motion to compel the defendant's internal testing. *Id*. The district court judge granted the motion, despite the defendant's claim that all testing and measurements were protected by the work product doctrine. *Id*. at *3-4. The court recognized that the plaintiff "made a showing of substantial need of the *internal testing* . . . ." *Id*. at *4 (emphasis added).

MWV's reliance on *Sandvik* is misplaced for three reasons. First, unlike this case, Kennametal did not hire outside experts—including one who is testifying in the case—to perform its testing. Instead, Kennametal performed its own tests. Second, if Kennametal would not have disclosed the information, there would not have been a substantial equivalent to the materials sought because, again, Kennametal performed its own testing. Finally, unlike our case where Defendant hired experts in response to a threat to sue, "there is no indication that [Kennametal's testing was] performed at the request of an attorney." (Dkt. No. 260 at 14.)

17

Even the case on which Plaintiff relies acknowledges that
"testing performed after the receipt of [two cease-and-desist]
letters may be factual work product documents and thus protected
by the work product doctrine." *Sandvik Intellectual Prop. AB*,
2011 WL 466696, at *4.  Here, Defendant's counsel consulted
several experts after Plaintiff sent a cease-and-desist letter
alleging patent infringement.  The materials at issue are
protected work product because Plaintiff's cease-and-desist
letters could have reasonably led Defendant to believe that it
faced the prospect of litigation.

The Court denies Plaintiff's arguments relying on *Sandvik*
because (1) the materials at issue are protected work product
and (2) Plaintiff does not have a substantial need for these
items.

### 2. Plaintiff's argument that Defendant waived any work product privilege it may have had is without merit

The Court holds that Defendant did not waive the work
product privilege.  *See supra* at 12-14.  The Court rejects
Plaintiff's argument that Defendant waived any work product
privilege that it may have had when it pled that its products do
not infringe on Plaintiff's patent.

MWV argues that, because Rexam's expert witness conducted
testing nineteen days after this pleading, Defendant's opinion
that its products did not infringe must have been based on

either UMinn or Bruker's testing.  Plaintiff's argument is
speculative and assumes that only UMinn or Bruker's testing
could have formed the basis for Rexam's pleading.  Most
importantly, however, Plaintiff relies on *In re Martin Marietta
Corp.*, 856 F.2d 619, while also noticing that the case involved
testimonial use of work product.  (Pl.'s Obj. to Ruling on Mot.
to Compel at 8.)  In that case, an individual made disclosures
as part of an attempt to settle a dispute with the government.
*In Re Martin Marietta Corp.*, 856 F.2d at 625.  Moreover, he made
"an express assurance of the completeness of . . . disclosure."
*Id.*  The law is settled that an "attempt to make testimonial
use" waives the work product privilege.  *City of Portsmouth*, 236
F.R.D. at 269 (citing *Nobles*, 422 U.S. at 239).  Defendant has
not attempted to make testimonial use of UMinn or Bruker's
testing information and, to the contrary, has assured that these
experts will not be testifying.  Therefore, Plaintiff's argument
regarding waiver is without merit.

     For all the above reasons, the Court rejects all of
Movant's arguments, and overrules MWV's objections.

### IV. CONCLUSION

     The Court overrules MWV's Objection because Judge Jones did
not commit clear error when he determined that (1) the materials
at issue are protected work product; (2) Plaintiff has not shown
substantial need within the meaning of Federal Rule of Civil

Procedure 26(b)(3)(ii); (3) Plaintiff's waiver argument is without merit and; (4) Plaintiff has not shown that there are exceptional circumstances justifying the disclosure of information generated by non-testifying experts who were hired in anticipation of litigation.  The Court will not address Defendant's indefiniteness or timeliness arguments because the matter has already been sufficiently adjudicated.  It is hereby

ORDERED that Plaintiffs MeadWestvaco Corp. and MeadWestvaco Calmar, Inc.'s objections (Dkt. No. 255.) are OVERRULED.  It is further

ORDERED that Judge Jones' Order Denying MWV's Motion to Compel (Dkt. No. 251.) is AFFIRMED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this __18th__ day of July 2011

Alexandria, Virginia

_____/s/_____
Gerald Bruce Lee
United States District Judge