# Exhibit 1

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| MEADWESTVACO CORPORATION, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) 1:10-cv-511-GBL-TRJ |
| v. | ) |
| | ) |
| REXAM PLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**THE VALOIS DEFENDANTS' <u>CORRECTED</u> MOTION IN LIMINE #3:
TO PRECLUDE PLAINTIFFS FROM PRESENTING ARGUMENT OR EVIDENCE
CONCERNING THE OBJECTIVE INDICIA OF NON-OBVIOUSNESS**

## INTRODUCTION

The Valois Defendants respectfully request that the Court bar Plaintiffs from presenting any evidence or argument at trial that concerns the so-called "objective indicia" of nonobviousness (commercial success, long-felt need, failure of others, etc.). Plaintiffs waived the right to offer such evidence when they failed to provide a timely answer to the Valois Defendants' interrogatory concerning this subject.

## FACTUAL BACKGROUND

On September 3, 2010, the Valois Defendants served an interrogatory on Plaintiffs, asking that they describe any objective evidence of nonobviousness on which Plaintiffs intended to rely:

> Describe in detail any evidence of non-obviousness on which you will rely to support the validity of each the claims of the Patents-in-suit, including, but not limited to, what you consider to be the level of skill in the relevant art, any secondary evidence of non-obviousness such as purported commercial success, long-felt need, failure of others, teaching away, copying, skepticism of others, and industry recognition, that Plaintiffs contend are relevant to the Patents-in-suit, and identify all documents (by Bates number) and the most knowledgeable persons of the facts supporting such contention.

(Sept. 3, 2010 Interrogatories, p. 10, Exh. A hereto.) Plaintiffs objected on September 23, 2010, refusing to answer the interrogatory. Plaintiffs asserted that the interrogatory was "premature" because Valois had not yet presented a *prima facie* case of obviousness. (Sept. 23, 2010 Objections, pp. 9-10, Exh. B hereto.)

Whatever the legal merits of this objection, they became moot on November 29, 2010, when the Valois Defendants provided 119 pages of invalidity contentions, including 89 pages of claim charts, detailing the reasons why Plaintiffs' patents were invalid as obvious. (Nov. 29, 2010 Invalidity Contentions, Exh. C hereto.) At this point, if Plaintiffs intended to rely at trial upon objective evidence of non-obviousness, it was incumbent upon them to supplement their

interrogatory answers and describe that evidence. *See* Fed.R.Civ.P. 26(e) (imposing duty to supplement "in a timely manner if the party learns that in some material respect" the prior disclosure "is incomplete or incorrect"). Plaintiffs supplemented other interrogatory answers on three separate occasions in December 2010 (Supplemental Interrogatory Answers, Exhs. D, E, & F hereto), but failed to supplement the interrogatory answer relating to objective evidence of nonobviousness. No supplemental answer had been received as of April 4, 2011, when Defendants were required to submit their expert report on invalidity. Defendants' technical expert therefore assumed that Plaintiffs were not relying on any objective evidence of nonobviousness, and said so in his report.[1] (Dkt. 668, Exh. 1, ¶¶45-46.)

On April 7, 2011, three days after receiving this expert report, Plaintiffs belatedly supplemented their interrogatory answers, providing a 40-page recitation of objective evidence of nonobviousness. (Apr. 7, 2011 Response, Exh. L hereto.) Because fact discovery was scheduled to end on April 15, 2011 (Dkt. 183, ¶ 1), Defendants had only eight days to pursue follow-up fact discovery. On the last day of the fact discovery period – April 15, 2011– Plaintiffs provided a second supplemental interrogatory answer addressing objective evidence. (Apr. 15, 2011 Response, Exh. M hereto). Four days later, on April 19, 2011, Plaintiffs served the rebuttal expert report of their technical expert, Professor Garth Wilkes, which devoted no less than 51 pages to supposed objective evidence of non-obviousness. (*Rebuttal Expert Report of Garth L. Wilkes, Ph.D. Relating to Patent Validity* (April 19, 2011), pp. 45 - 96, Exh. K hereto.)

---

[1] Plaintiffs took the same course of action with respect to the Rexam defendants. Rexam served an interrogatory on August 17, 2010 asking for Plaintiffs' evidence concerning secondary considerations of non-obviousness. (Aug. 17, 2010 Rexam Interrogatory, Exh. G hereto.) Plaintiffs objected on September 7, 2010. (Sept. 7, 2010 Answers and Objections, Exh. H hereto.) Plaintiffs supplemented their answers to other interrogatories but failed to provide any supplement to the interrogatory answer relating to objective evidence of nonobviousness before April 7, 2011. (*See, e.g.*, Oct. 12, 2010 and Jan. 18, 2011 Supplements, Exhs. I & J.)

Defendants' own technical expert could not address what Wilkes had done, because the schedule in the case did not provide for any further expert report in response to Wilkes' rebuttal report. (Dkt. 183.)

## ARGUMENT

I. **UNDER RULE 37(c), PLAINTIFFS' FAILURE TO TIMELY SUPPLEMENT THEIR INTERROGATORY ANSWER TO DESCRIBE ANY OBJECTIVE EVIDENCE OF NON-OBVIOUSNESS SHOULD NOW BAR THEM FROM OFFERING SUCH EVIDENCE AT TRIAL.**

One can assume, for the sake of argument, that Plaintiffs were entitled to await Defendants' evidence of obviousness before coming forward with any objective evidence of non-obviousness. As the Federal Circuit explained in *Novo Nordisk A/S v. Caraco Pharm. Labs., Ltd.*, 719 F.3d 1346, 1353 (Fed. Cir. 2013), the patentee "is required to come forward with evidence of nonobviousness only after the challenger has successfully made his prima facie case demonstrating that the patent might be obvious."

However, the Valois Defendants explained the basis for their prima facie case on November 29, 2010, more than four months before the fact discovery period closed on April 15, 2011. Once that occurred, if Plaintiffs thought that there was objective evidence that supported the non-obviousness of the patents-in-suit, they were obliged to supplement their interrogatory answers in a timely fashion. *See* Fed.R.Civ.P. 26(e) (imposing duty to supplement "in a timely manner if the party learns that in some material respect" the prior disclosure "is incomplete or incorrect"). Waiting four months was not timely, particularly given that Plaintiffs only provided a supplemental answer on the eve of the discovery cutoff and after the submission of Defendants' expert report that had to address (if necessary) the objective evidence of non-obviousness.

3

Rule 37(c) describes the potential consequences from a failure to supplement an interrogatory answer in a timely manner:

> **Failure to Disclose or Supplement.** If a party fails to provide information…as required by Rule 26(a) or (e) [relating to supplementation], the party is not allowed to use that information…to supply evidence…at a trial, unless the failure was substantially justified or is harmless.

Fed.R.Civ.P. 37(c).

There was no substantial justification for Plaintiffs' delay in supplementation.

Nor was Plaintiffs' delay harmless. Because Plaintiffs waited until the eve of the fact discovery cutoff to provide their supplemental interrogatory answer, Defendants had only eight days to pursue fact discovery concerning those issues – insufficient time to issue follow-up document requests or interrogatories. Nor could Defendants' technical expert address Plaintiffs' objective evidence of non-obviousness, because when his opening report on invalidity was due, Plaintiffs had never said what objective evidence – if any – they intended to present at trial.

The court in *Monsanto Co. v. Bayer Bioscience N.V.*, 2005 U.S. Dist. LEXIS 46068, at *30–32 (E.D. Mo., Oct. 28, 2005), was faced with a closely analogous situation. It ended up barring the patentee from presenting any objective evidence of nonobviousness at trial. The court summarized the procedural posture of the case in this way (describing the objective evidence of nonobviousness as "secondary considerations"):

> On October 19, 2001, Monsanto served Bayer an interrogatory requesting that Bayer identify any secondary considerations which support its claim of non-obviousness. Bayer responded that Monsanto's request was premature, but added that Bayer reserved the right to supplement its response should information become available. Bayer never supplemented its interrogatory.

*Id.* at *30. Given these facts, the court went on to explain why it was barring the patentee from offering objective evidence of non-obviousness at trial:

4

> Under the Rules, Bayer had a duty to amend its interrogatory response if it decided that it would be relying on secondary considerations. The fact that Monsanto has knowledge of the existence of the documents which Bayer now wishes to rely on does not obviate Bayer's failure to identify which secondary factors, if any, that it intended to rely on in defense of Monsanto's claim of obviousness. Furthermore, this failure is not harmless. "The purpose of our modern discovery procedure is to narrow the issues, to eliminate surprise, and to achieve substantial justice." *Greyhound Lines, Inc. v. Miller*, 402 F.2d 134, 143 (8th Cir. 1968). This interrogatory narrowed the issues relating to Bayer's non-obviousness defenses: Based on Bayer's response, Monsanto likely believed it did not need to concentrate its efforts on discovery regarding issues related to secondary considerations.

*Id.* at *31-32.

## **CONCLUSION**

If Plaintiffs wanted to offer objective evidence of non-obviousness at trial, it was incumbent on them to describe that evidence in timely supplemental interrogatory answers. Because Plaintiffs failed to do so, they should be barred at trial from offering any evidence or argument concerning any objective evidence of non-obviousness.

Dated: February 6, 2014    Respectfully submitted,

/s/ Scott Border
Griffith Lowell Green (VSB No. 38936)
Scott Border (VSB No. 74697)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Tel: (202) 736-8000
Fax: (202) 736-8711
sborder@sidley.com
ggreen@sidley.com

*Attorneys for Defendants Valois S.A.S., and Valois of America, Inc*